No. 189.—THOMPSON WOOD *v.* A. McCRANIE, Administrator, etc.

21  557
105  804

*An agent's right to compensation may be infered from the nature of the services and the relations of the parties, without proof of an express agreement; yet to recover in such case the plaintiff must show some specific act performed in the capacity of mandatory before any implied contract for compensation can be established and form the basis of such recovery.*

APPEAL from the District Court, parish of Bossier. *Weems,* J. *L. B. Watkins* and *J. M. Jones,* for plaintiff and appellee. *W. B. Egan,* for defendant and appellant.

HOWE, J. The plaintiff sued the defendant, as administrator of Winifred Wood, deceased, for the sum of $1719 40, upon the following cause of action:

"For this, that petitioner boarded, furnished rooms, fires and servants, and riding horses, and a carriage, and all necessary attention to Winifred Wood in her old age, such as her almost helpless condition made necessary, and such as her possession of a handsome fortune required. That petitioner also attended to her business generally, such as securing her demands by taking notes, by taking care of her effects, all from December 20, A. D. 1856, to twenty-eighth May, 1860. For items and dates reference is made to the account hereto annexed as part of this petition."

No account, however, was annexed to the petition, and it does not, therefore, inform us how long the board was furnished, how many rooms, fires and servants were supplied, and for what time, or how many riding horses were used by this aged and almost helpless lady, or how many notes he took for her, or what and how many effects he took care of.

The defendant pleaded the general denial, and alleged that the intestate was in the family of the plaintiff as an invited guest, and not as a boarder; that she allowed plaintiff the use of her slaves and of her revenues and money to a large amount, and that if he ever attended to her affairs he did so gratuitously. He further averred that if the intestate ever owed plaintiff anything it had long since been paid, to wit, on the fourteenth April, 1860.

He afterward pleaded the prescription of one and three years.

There was judgment for plaintiff for $1666 25, with interest on various installments, and defendant appealed.

The claim for board and lodging is prescribed, except that portion which accrued during the year previous to the commencement of the suit. The citation was served September 28, 1860, and the only portion of this claim which it is necessary to consider on its merits is that alleged to have accrued after September 1, 1859, about nine months, which, if the claim be real, is shown to be worth about eighteen dollars a month, or in all the sum of one hundred and sixty-two dollars. C. C. 3499; 2 A. 759; 5 A. 599; 3 A. 141; 3 A. 548.

But the family physician of the intestate, a witness for the plaintiff,

testifies that she died in 1858, and he would be likely to know more exactly than any of the other witnesses. The only matter in the record which seems to establish clearly that she was living in 1860 is a certified copy of a promissory note introduced by defendant, made by plaintiff to the order of Winifred Wood, and dated April 14, 1860, for $1500, and intended to show that, at that time the plaintiff so far from being a large creditor of the intestate was in reality largely in her debt, and that this note was given as evidence of such debt. The plaintiff insists that this copy of a note proved nothing. If so, we must decide as matter of fact that Winifred Wood died in 1858, and that for board and lodging the plaintiff has no claim that has not been prescribed. If the evidence, on the contrary, shows that the plaintiff did make his note to the intestate in April, 1860, we must conclude that his whole claim is fictitious. In the absence of some explanatory evidence we cannot believe that the plaintiff would at that time have given his note at one year for $1500 to a helpless old lady of fortune, who is proved to have had large amounts of ready money, if she had been indebted to him in a still larger sum, or in any sum.

The plaintiff sought to show by the testimony of a member of the bar that notes are frequently given without a settlement of pre-existing accounts; and that the parties to this note were "quiet country people not having much dealing commercially, and not familiar with legal rights in such matters." We think his testimony rather makes against the plaintiff. In the bustle of business, or for the accommodation of each other, merchants having large commercial dealings may make notes to each other's order, without a settlement of pre-existing accounts, but "quiet country people" are not apt to do so unless the maker of the note is indebted to the payee. What would this helpless old lady of large means and ready money be doing with the plaintiff's note, unless he was in her debt? We must confess that the assertion of the defendant's counsel that the claim in suit was fabricated in order to compensate this note is not without foundation.

The claim of the plaintiff for services as an agent is not established. One witness says the plaintiff acted as agent from 1851 or 1852 till said Wood's death, but he does not inform us of a single specific act of agency. He declares the agency was worth five hundred dollars per annum for the first five years, and three hundred dollars per annum for the last three years, but how he arrives at this conclusion is not apparent. He proves no employment by Mrs. Wood, no agreement, express or implied; he does not inform us of a single act ever done by the plaintiff to which the law would affix any presumption of usefulness or value. It is declared by the Civil Code, article 2960, that the procuration is gratuitous unless there have been a contrary agreement; and while, under the Code, which has modified the Roman law, it is not of the essence of mandate that it be gratuitous, and an agent's right to compensation may be inferred from the nature of the services, and the relations of the parties, without proof of an express agreement, yet it must be shown at least that some specific services were

rendered in the capacity of agent before any implied contract for compensation could be established. · 5 A. 672; 7 A. 207; 10 L. 508; 11 L. 226; 14 A. 317.

For the reasons given, it is ordered and adjudged that the judgment appealed from be annulled, avoided and reversed, and that there be judgment for defendant as administrator, with costs in both courts.